UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————
FELIX DE JESUS,
                        Plaintiff,

          -v-

EMPIRE SZECHUAN NOODLE
HOUSE INC., et al.,
                        Defendants.
————————————————————————

18-CV-1281 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Felix De Jesus brings this wage-and-hour case against Defendants Empire Szechuan Noodle House Inc., Julie S.Y. Chen, and Ah Fong Chang, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and the New York Labor Law ("NYLL").  (Dkt. No. 32 ("FAC") ¶¶ 6–8, 24–45.)  Before the Court now is Plaintiff's motion for summary judgment.  (Dkt. No. 26.)  For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

**I.    Background**

    **A.    Factual Background**

      The following facts are drawn from the parties' Local Rule 56.1 statements (*see* Dkt. No. 47 ("SUF")) and are not subject to genuine dispute unless otherwise noted.

      Defendant Empire Szechuan Noodle House, Inc. is a New York-based corporation that runs a restaurant in New York City.  (SUF ¶ 1.)  Defendant Ah Fong Chang has owned and operated the restaurant continuously since 2006, with the exception of an indeterminate period of time during which the restaurant was run by Chang's daughter, Defendant Julie S.Y. Chen.  (SUF ¶ 2–3; *see also* Dkt. No. 38-1 at 6:9–7:13, 9:15–25.)  Chang resumed full responsibility for the operation of the restaurant by 2012.  (Dkt. No. 38-1 at 7:25–8:6.)  At all relevant times,

Chang retained the authority to hire and fire the restaurant's employees and was in charge of maintaining the restaurant's employment records. (SUF ¶¶ 4, 7.) The parties dispute the extent to which Chang exercised authority over employee compensation and work schedules at the restaurant. (SUF ¶¶ 5–6.)

Plaintiff Felix De Jesus worked at Defendants' restaurant as a cook from at least January 2012 to November 2017, with the exception of one approximately four-month period during which Plaintiff worked at a different restaurant. (SUF ¶ 9; Dkt. No. 46-9.) During his time working at Defendants' restaurant, De Jesus was scheduled to work 49.5 hours per week. (SUF ¶ 10.) The parties do not dispute that De Jesus would sometimes work one to two hours beyond his scheduled shifts, and that he would do so once or twice per month. (SUF ¶ 11–12.) But the parties dispute both the frequency with which De Jesus's number of hours of work per week would exceed his scheduled 49.5 hours, and whether De Jesus was paid overtime and "incentive" compensation for any additional hours worked. (*Id.*; *Compare* Dkt. No. 38-2 ¶¶ 3–4, 6 *with* Dkt. Nos. 38-1 at 23:17–24:3 *and* 46-1 ¶¶ 6, 9.) The parties also dispute whether De Jesus received a fixed salary or hourly compensation. (SUF ¶¶ 15, 19.)

### B.     Procedural Background

De Jesus commenced this action on February 13, 2018 by filing a complaint against Defendants Empire Szechuan Noodle House, Inc. and Julie S.Y. Chen. (Dkt. No. 1.) De Jesus filed the operative First Amended Complaint on August 29, 2018, this time also asserting claims against Defendant Ah Fong Chang. (Dkt. No. 32.) Before the Court now is De Jesus's motion for summary judgment. (Dkt. No. 36.) The motion has been fully briefed (*see* Dkt. Nos. 37–39, 46–48), and the Court is now prepared to rule on it.

## II. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is genuine whenever, considering the record as a whole, a rational jury could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

In reviewing a motion for summary judgment, a court must consider the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995). "It is well established that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'" *Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir. 2003) (alteration in original) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)).

## III. Discussion

De Jesus moves for summary judgment on the following claims: (1) his FLSA and NYLL overtime claims; (2) his NYLL spread-of-hours claims; and (3) his NYLL wage-and-hour notice and wage-statement claims. Six specific issues are before the Court on this motion: (1) whether Defendants failed to pay De Jesus overtime compensation as required by the FLSA and the NYLL; (2) whether De Jesus is entitled to summary judgment on his spread-of-hours claims under the NYLL; (3) whether De Jesus is entitled to summary judgment on his wage-and-hour-notice claims and wage-statement claims under the NYLL; (4) whether De Jesus is entitled to liquidated damages under the FLSA and the NYLL; (5) whether De Jesus's FLSA claims are

subject to a three-year statute of limitations; and (6) whether each Defendant named in this suit may be held jointly and severally liable to De Jesus as "employers" within the meaning of the FLSA and the NYLL.  Each of De Jesus's contentions is addressed in turn.

### A. Unpaid Overtime Compensation

De Jesus moves for summary judgment on the contention that Defendants failed to provide him with proper overtime compensation as required by the FLSA and the NYLL.  (Dkt. No. 38 at 2–5.)

The FLSA provides that, subject to certain exceptions not relevant here, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  When an employee is provided a weekly salary, "the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate."  29 C.F.R. §778.113(a).  "[T]here is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours." *Moon v. Kwon*, 248 F. Supp. 2d 201, 207 (S.D.N.Y. 2002) (quoting *Giles v. City of New York,* 41 F. Supp. 2d 308, 317 (S.D.N.Y.1999)).

De Jesus's NYLL claims are subject to a similar standard.  *See* N.Y. Comp. Codes R. & Regs. tit. 12, §§146-1.4, 146-3.5(b).  However, some courts have held that for purposes of NYLL claims brought by employees in the hospitality industry, a plaintiff's weekly salary is required to be construed to represent compensation for a forty-hour week, irrespective of whether a defendant can satisfy the *Giles* burden-shifting framework.  *Quiroz v. Luigi's Dolceria, Inc.*, No. 14 Civ. 871, 2016 WL 2869780, at *4 (E.D.N.Y. May 17, 2016).

4

The parties do not dispute that De Jesus regularly worked at least 49.5 hours per week at Defendants' restaurant, which would presumptively entitle him to at least 9.5 hours of overtime pay per week. (SUF ¶ 10.) But the parties genuinely dispute whether De Jesus was paid a fixed salary for these 49.5 hours, or whether he was compensated hourly and in accordance with the number of actual hours he worked per week. (*Compare* Dkt. No. 38-2 ¶ 4 (De Jesus testifying that he was paid a set salary regardless of hours worked) *with* Dkt. No. 46-1 ¶¶ 4, 9 (Defendant Chang testifying that she paid De Jesus an hourly wage); *see also generally* Dkt. No. 46-6 (collecting De Jesus's pay statements indicating that De Jesus's wages varied week-to-week and providing separate line items for 40-hour workweek and overtime pay).) If a jury were to credit Defendants' evidence reflecting that De Jesus's hourly pay and overtime wages were calculated on a weekly basis in accordance with the actual number of hours he had worked that week, that evidence would be sufficient to show that Defendants compensated De Jesus for any overtime work as required by the FLSA and the NYLL.

De Jesus's lone argument for summary judgment on his FLSA and NYLL overtime claims is that his weekly salary must be presumed to cover only forty hours per week, and that he was thus necessarily not compensated at time and a half for any additional hours worked. (Dkt. No. 38 at 3–4.) Given that there remains a genuine factual dispute with respect to whether De Jesus was in fact compensated on an hourly basis rather than on a salaried basis and whether he was provided overtime compensation for any hours worked per week above forty, he cannot be granted summary judgment on this basis.

### B. Spread of Hours

De Jesus moves for summary judgment on the contention that Defendants failed to provide him with spread-of-hours compensation as required by the NYLL. (Dkt. No. 38 at 5–6.)

"New York law requires [food services] industry employers to provide an additional hour's pay, at the basic minimum hourly wage rate before allowances, for any day in which the employee's spread of hours[—]defined as the interval between the beginning and end of the workday[—]exceeds 10 hours." *Moon*, 248 F. Supp. 2d at 235 (internal citation and quotation marks omitted); *see also* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

The parties do not dispute that De Jesus was regularly scheduled to work precisely ten hours per day for four days per week. (SUF ¶ 10; *see also* Dkt. No. 38-3 (collecting sampling of De Jesus's work schedules).) However, the parties genuinely dispute the frequency with which De Jesus worked in excess of these ten hours. (SUF ¶¶ 11–12; *Compare* Dkt. No. 38-2 ¶ 6 (De Jesus testifying that he regularly worked more than ten hours per day) *with* Dkt. No. 38-1 at 23:17–24 *and* Dkt. No. 46-1 ¶ 4 (Defendant Chang testifying that De Jesus rarely worked in excess of his scheduled hours).) The parties also genuinely dispute whether and to what extent De Jesus was provided with additional compensation in the form of "incentive" pay in circumstances where he was called upon to work additional hours. (*Compare* Dkt. No. 38-2 ¶ 6 (De Jesus testifying that he regularly worked more than ten hours per day and did not receive "spread of hour payment" when he did so) *with* Dkt. No. 38-1 at 23:17–24:3 (Defendant Chang testifying that she always paid De Jesus more when he arrived to work early such that his workday would be 11 hours) *and* Dkt. No. 46-1 ¶ 9 (Defendant Chang testifying that she would at times provide De Jesus a form of "incentive" compensation for additional work); *see also* Dkt. No. 46-6 (collecting De Jesus's pay statements indicating De Jesus regularly received "overtime *& incentive*" pay (emphasis added)).) The record presents triable issues as to the frequency with which De Jesus worked more than ten hours per day, and whether when De Jesus did so, the additional "incentive" pay Defendants provided to him was sufficient for purposes of NYLL

6

spread-of-hours compensation. Crediting as true Defendants' evidence showing that De Jesus rarely worked in excess of ten hours in a given day, and that in those circumstances in which he did he received additional "incentive" pay, the Court cannot conclude that no reasonable juror could find for Defendants on De Jesus's spread-of-hours claims.

### C. Wage Statement Claims

De Jesus moves for summary judgment on the contention that Defendants failed to provide him with wage-and-hour notices and wage statements in the manner required by the NYLL. (Dkt. No. 38 at 6–8.)

#### 1. Wage-and-Hour Notices

The NYLL requires that employers provide their employees

> in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

New York Lab. Law § 195(1-a); *see also* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2. Employers are required to furnish updates to any of the information stated above at least seven days prior to any changes to that information taking effect. New York Lab. Law § 195(2).

De Jesus moves for summary judgment on the contention that the notices De Jesus received were legally defective for inaccurately representing that De Jesus would receive an hourly wage, while in fact De Jesus received a fixed salary. (Dkt. No. 38 at 7; *see also* Dkt. No. 38-5 (De Jesus's wage-and-hour notices).) However, as the Court has already discussed, the parties genuinely dispute whether De Jesus was paid a weekly salary or whether he was

7

compensated on an hourly basis.  (*See, e.g.*, Dkt. No. 38-2 ¶ 4 (De Jesus testifying that he was paid a fixed salary regardless of hours worked); Dkt. No. 46-1 ¶¶ 4, 9 (Defendant Chang testifying that she paid De Jesus an hourly wage); Dkt. No. 46-6 (collecting De Jesus's pay statements indicating his wages varied week-to-week and providing separate line items for 40-hour workweek and overtime pay).)  Accordingly, De Jesus cannot be granted summary judgment on his contention that his wage notices failed to accurately document his status as a salaried employee.

### 2. Wage Statements

With respect to regular pay statements, the NYLL requires that employers

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

New York Lab. Law § 195(3).  De Jesus is entitled to summary judgment on his contention that his pay statements were deficient for failing to list, among other things, the name of his employer; the address and phone number of his employer; his rate of pay; his overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked.  (*See* Dkt. No. 38-4 (De Jesus's pay statements).)

Defendants urge that viewing De Jesus's pay statements in conjunction with his weekly work schedules remedies some of the defects identified by De Jesus in his summary judgment motion.  (Dkt. No. 46 at 13–14; *see also* Dkt. No. 46-3 (De Jesus's weekly schedules).)  However, even assuming that these documents may be viewed in conjunction for purposes of the

8

NYLL wage-statement requirements, they together still fail to include all of the information required by New York Labor Law Section 195(3), because they do not include an employer name, phone number, and address, nor do they include De Jesus's regular and overtime rates of pay.  (*See* Dkt. Nos. 38-4, 46-3.)  De Jesus is therefore entitled to summary judgment on his wage-statement claims under the NYLL.

### D. Liquidated Damages

De Jesus moves for summary judgment on the contention that Defendants are liable for liquidated damages under the FLSA and the NYLL.  (Dkt. No. 38 at 8–10.)

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages."  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (citing 29 U.S.C. § 216(b)).  However, "the FLSA [also] affords district courts discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA."  *Id.* (quoting 29 U.S.C. § 260).  Describing the employer's burden to defeat a prevailing FLSA plaintiff's request for liquidated damages as a "'difficult one,'" the Second Circuit has required a liable employer to show that "it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'"  *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 142 (2d Cir. 1999)).  A defendant's failure to point to any evidence sufficient to make such a showing may warrant awarding liquated damages at the summary judgment stage.  *Id.* at 151.

The NYLL also allows for an award of liquidated damages, and an employer seeking to avoid liability for liquidated damages under the NYLL is subject to the same standard as under the FLSA.  *See Sun v. China 1221, Inc.*, No. 12 Civ. 7135, 2016 WL 1587242, at *3 (S.D.N.Y. Apr. 19, 2016) ("[A 2009] amendment to NYLL . . . incorporated the federal standard[.]"); *see*

*also* N.Y. Lab. Law § 198(1-a) (permitting liquidated damages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law"). "Liquidated damages are not available on NYLL's wage-statement penalties." *Sun*, 2016 WL 1587242, at *3.

As De Jesus has yet to establish an underlying FLSA or NYLL violation that might entitle him to liquidated damages, the Court cannot conclude that no reasonable juror could find any good faith basis for Defendants' hypothetical violations that De Jesus may prove at trial. Accordingly, De Jesus's motion for summary judgment on his claims for liquidated damages must be denied at this stage of the case.

### E.     Statute of Limitations

De Jesus moves for summary judgment on the contention that his FLSA claims are subject to the three-year statute of limitations. (Dkt. No. 38 at 11.)

Although De Jesus's FLSA claims would usually be subject to a two-year statute of limitations, his FLSA claims would be subject to a three-year statute of limitations if Defendants' illegal conduct constituted a willful violation of FLSA. 29 U.S.C. § 255(a). But because De Jesus has yet to establish *any* FLSA violation, the Court cannot grant De Jesus summary judgment on his contention that any violations he might prove at trial were as a matter of law willful. De Jesus's motion for summary judgment on his contention that his FLSA claims are subject to the three-year statute of limitations is therefore denied.

### F.     Individual Liability

De Jesus moves for summary judgment on the contention that each Defendant named in this suit may be held jointly and severally liable to De Jesus as "employers" within the meaning of the FLSA and NYLL. (Dkt. No. 38 at 11–13.)

To establish liability for unpaid overtime under the FLSA, a plaintiff must establish that the defendant was the plaintiff's "employer." *See* 29 U.S.C. § 207(a)(1). Recognizing that the FLSA's "statutory definitions [of 'employer,' 'employee,' and 'employ'] sweep broadly," the Second Circuit has "treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield*, 537 F.3d at 140, 141–42. Ultimately, "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts[.]'" *Id.* at 140 (quoting *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961)). The following factors may be relevant to determining whether a putative employment relationship is sufficient to trigger FLSA liability: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.,* 735 F.2d 8, 12 (2d Cir. 1984). Still, the Second Circuit has consistently "reiterate[d] the necessary flexibility of the economic realities test," a flexibility that is needed "to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Barfield*, 537 F.3d at 143.

With respect to the NYLL, "courts in this Circuit 'have interpreted the definition of "employer" under the New York Labor Law coextensively with the definition used by the FLSA.'" *Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) (quoting *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010)) (collecting cases).

The parties do not dispute that De Jesus was an employee of the restaurant owned and operated by the corporate Defendant Empire Szechuan Noodle House, Inc. (SUF ¶¶ 1, 9), and as

such, the Court agrees with De Jesus that as a matter of law De Jesus was an employee of Defendant Empire Szechuan Noodle House, Inc. for purposes of his FLSA and NYLL claims.

The Court also agrees with De Jesus that the undisputed facts in the record are sufficient to establish as a matter of law Chang's status as his employer for purposes of the FLSA and the NYLL. The parties do not dispute any of the facts relevant to *Carter* factors one and four, namely whether Chang "had the power to hire and fire [the restaurant's] employees" and whether she "maintained employment records," *Carter*, 735 F.2d at 12, weigh in De Jesus's favor on this question (*see* SUF ¶¶ 4, 7). With respect to *Carter* factor two, which concerns whether Chang "supervised and controlled employee work schedules or conditions of employment," *Carter*, 735 F.2d at 12, Defendants admitted in their answer that this was the case (Dkt. No. 35 ¶ 8), and Defendant Chang testified at her deposition that she had the discretion to control employee work schedules (*see, e.g.*, Dkt. No. 38-1 at 11:4–25). Similarly, with respect to *Carter* factor three, *Carter*, 735 F.2d at 12 (asking whether putative employer "determined the rate and method of payment"), Defendants admitted in their answer that Chang had the authority to "determine rate and method of pay" for employees at the restaurant (Dkt. No. 35 ¶ 8), and Chang testified to exercising this discretion over the rates and methods of employee compensation both at her deposition and in her declaration (*see, e.g.*, Dkt. No. 38-1 at 22:7–24, 26:13–27:9; Dkt. No. 46-1 ¶ 9). Even though other managers at the restaurant might have also exercised some discretionary authority with respect to assigning employee schedules and determining employee compensation (*see, e.g.*, Dkt. No. 38-1 at 8:7–14, 13:4–9; Dkt. No. 46 ¶ 4; Dkt. No. 46-8 at 99:15–100:9, 106:5–10), no reasonable juror could find that Chang was not De Jesus's "employer" based on the undisputed evidence in the record and based on Defendants' prior admissions in this case. *Cf. Barfield*, 537 F.3d at 144 (concluding that "even when the historical facts and the relevant

factors are viewed in the light most favorable to defendants, [a FLSA defendant's] status as [plaintiff's employer could be] established as a matter of law" at summary judgment stage).

Finally, with respect to Defendant Julie S.Y. Chen, De Jesus's brief identifies no facts in the summary judgment record relevant to the question of whether she qualifies as one of De Jesus's employers, let alone undisputed facts sufficient to show that Chen qualifies as an employer as a matter of law. (*See* Dkt. No. 38 at 11–13; *see also* SUF ¶ 2 (providing the only reference to Chen in the parties' Local Rule 56 statements); Dkt. No. 38-1 at 8:4–9:25 (testimony from Chang describing Chen's minimal involvement in the restaurant during the time periods relevant to this suit).) De Jesus's motion for summary judgment with respect Defendant Julie S.Y. Chen's status as De Jesus's employer must therefore be denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff is entitled to summary judgment on his contention that his pay statements failed to comply with the NYLL's notice and record-keeping requirements. Plaintiff is entitled to summary judgment on his contention that Defendants Empire Szechuan Noodle House, Inc. and Ah Fong Chang qualify as his employers for purposes of his FLSA and NYLL claims. Plaintiff's motion for summary judgment is denied in all other respects.

The parties are directed to confer regarding trial dates and to submit a joint letter by May 15, 2019, that (1) states whether either party demands a jury trial, (2) estimates the length of trial, and (3) proposes dates within the next six months for a trial.

The Clerk of Court is directed to close the motion at Docket Number 36.

SO ORDERED.

Dated: April 24, 2019
       New York, New York

                                                    _____
                                                          J. PAUL OETKEN
                                                   United States District Judge