# LEE LITIGATION GROUP, PLLC
148 W. 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:  (212) 465-1188
cklee@leelitigation.com

February 7, 2020

**VIA ECF**
The Honorable James L. Cott, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *De Jesus et al v. Empire Szechuan Noodle House Inc. et al*
         Case No. 1:18-cv-1281-JPO

Dear Judge Cott:

  We are counsel to Plaintiff and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

  The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

  In this matter, the parties have reached a settlement of $40,000 for Plaintiff's wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $40,000, of which $20,000 is being allocated to Plaintiff Felix De Jesus. Attached hereto as **Exhibit B** are Plaintiff's damage calculations for his alleged unpaid compensation, calculated to be $307,776.00 in alleged back wages (6.5% recovery).

Plaintiff's damage calculations assume that all the facts alleged by Plaintiff are entirely correct. Therefore, they are a best-case scenario. Even though Defendants contest the facts alleged by Plaintiff and contend that Plaintiff worked significantly less and is owed less, if anything, Defendants have agreed to pay a portion of Plaintiff's alleged back wages. If Defendants were to succeed at trial in establishing that Plaintiff was correctly compensated for his overtime hours, or that he worked less hours than alleged, Plaintiff's damages would be significantly reduced, and he would run the risk of obtaining less than the payment he is receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Defendants strongly contend that Plaintiff was compensated for all hours worked, including overtime; however, Defendants faced anticipated burdens and litigation expenses in establishing their respective defenses. Thus, Plaintiff believes the amount of $40,000 is a fair result, obtaining a portion of his alleged back wages while eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as he would face the possibility of receiving a smaller amount than what is allocated to him in the settlement.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced wage and hour counsel during the litigation and settlement process. During the litigation and settlement process, there was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement at a settlement conference in which Plaintiff would receive recovery of a portion of his alleged back wages and eliminating the burdens and costs of trial. Defendants asserted legitimate substantive defenses which highlighted a substantial risk to Plaintiff's ability to continue this litigation. The Arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.

**The Attorneys' Fees are Fair and Reasonable**

Of the $40,000 settlement amount, $20,000 is allocated to attorneys' fees and costs, including $2,218.50 in costs. The legal fees of $17,781.50 equal 44.5% of the settlement amount. Attached as **Exhibit C** are Plaintiff's counsel's time records, indicating that Plaintiff's counsel has billed $27,985.

Plaintiff's counsel's fees of $17,781.50 are fair and reasonable given the time spent by Plaintiff's counsel. Such work by includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, reviewing Defendants' answers, preparing for and attending an initial conference, preparing Plaintiff's discovery requests, reviewing Defendants' discovery production, preparing Plaintiff's discovery production, preparing for and attending Defendants' deposition of Plaintiff, preparing for and attending Plaintiff's deposition of Defendants, amending the Complaint, preparing and fully briefing a Motion for Summary Judgment, preparing for and attending a settlement conference, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

  */s/ C.K. Lee*
C.K. Lee, Esq.

Encl.